IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL FLORES,<br>             Petitioner,<br>  vs.<br>BENNY CURRY, Warden,<br>             Respondent. | No. C 06-7141 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket Nos. 2, 5) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has also filed a motion to proceed *in forma pauperis* (docket nos. 2, 5), which are now DENIED. Plaintiff must pay the filing fee within thirty days of this order as set forth below. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after trial of multiple counts of rape and false imprisonment in the San Francisco County Superior Court and sentenced to a term of 24 years in state prison on February 8, 2000. Petitioner appealed his conviction to the California Court of Appeal in 2003. Petitioner filed collateral challenges in the state courts between 2001 and 2006. Petitioner filed the instant federal habeas petition on November 17, 2006.

**DISCUSSION**

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

The petition alleges that: 1) Petitioner's due process rights were violated because there was insufficient evidence to support his conviction for forcible rape; 2) there was insufficient evidence to support the conviction for false imprisonment; 3) the trial court violated due process in admitting certain expert testimony; 4) there was insufficient evidence to support his convictions for rape under Penal Code § 261(a)(3); 5) Petitioner's due process rights were violated by the denial of his motion for severance; 6) his due process rights were violated by prosecutorial misconduct; 7) trial counsel was ineffective under the Sixth Amendment; and 8) Petitioner's due process rights were violated by the trial court's instructional errors. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

III.     Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed two motions seeking leave to proceed in forma pauperis. The trust account certificate dated January 24, 2007, which Petitioner has submitted with his application, shows that on that date the average deposits each month to Petitioner's account for the most recent six- month period were $45.60, and the average balance in Petitioner's account each month for the most recent six-month period was $55.80. Based

upon this information, the Court finds that Petitioner has sufficient funds to pay the $5.00 filing fee. Accordingly, the motion for leave to proceed in forma pauperis is DENIED. Petitioner shall pay the fee, as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The motions to proceed in forma pauperis are DENIED (docket nos. 2, 5). Within thirty (30) days from the date of this order Petitioner shall pay the $5.00 filing fee or shall inform the Court that she is unable to do so and why. Failure to do so may result in the dismissal of this action without prejudice.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep

1  the Court informed of any change of address by filing a separate paper captioned "Notice
2  of Change of Address." He must comply with the Court's orders in a timely fashion.
3  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
4  to Federal Rule of Civil Procedure 41(b)

       IT IS SO ORDERED.

   DATED: <u>April 12, 2007</u>

                                                                */s/ Jeffrey S. White*
                                                 JEFFREY S. WHITE
                                                 United States District Judge

4